(No. 831—Claimant awarded $801.15.)

GEORGE B. UNDERWOOD AND LEAH UNDERWOOD, Claimants, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed April 16, 1925.*

PROPERTY LOSS—*award may be made to State employee.* Where the property of a State employee is lost by fire at a State Institution, such employee may be awarded compensation for the loss, as a matter of social justice and equity, although no liability exists against the State for the loss.

GEORGE B. UNDERWOOD, for claimant.

OSCAR E. CARLSTROM, Attorney General; GEORGE C. DIXON, Assistant Attorney General, for respondent.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

The claimants, George B. Underwood and Leah Underwood, his wife, file their claim for damages in the sum of $801.15 for loss of their clothing, wearing apparel and household goods and chattels, burned and destroyed by fire at the Chicago State Hospital December 26, 1923.

Claimants were in the employ of the State at said hospital at and a long time before the fire, and occupied quarters in the said building. The goods lost were necessary for a proper equipment of their rooms so occupied by them. The origin of the fire, so far as the evidence discloses, is unknown to claimants or defendant, and without fault on part of any of the parties. It was a very disastrous fire, destroying a number of lives of the inmates, much personal property and partially destroying the building. Claimants were not in the room containing their goods at time of the fire, but were about the premises engaged in their usual daily duties for the State, and it was impossible to save the goods, as disclosed by the evidence. The claimants had no attorney to present their claims, and taking evidence was conducted by Mr. George W. Dixon, Assistant Attorney General.

A bill of particulars was filed, itemizing all the articles lost, their original cost prices and a fair cash present value

at time of their destruction by fire. The claim is verified by the oaths of claimants, and corroborated by the evidence of other witnesses.

While it has been often held by this court that the State is not legally liable in such cases, yet in the interest of social justice and equity, we are of the opinion that the entire demand should be allowed.

We accordingly award claimants the sum of $801.15.